UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Gregory Islar,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Whole Foods Market,<br><br>　　　　Defendant. | Case No. _____ |

## NOTICE OF REMOVAL

Whole Foods Market Group, Inc. (incorrectly named in the Complaint as "Whole Foods Market") ("Defendant"), by counsel, hereby files its Notice of Removal of this action from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia.

Defendant bases its removal on the following grounds:

1.　On May 2, 2016 Plaintiff filed an action against Defendant in the Superior Court for the District of Columbia, captioned *Gregory Islar v. Whole Foods Market*, No. 2016 CA 003230 B. A copy of the Complaint is attached hereto and marked as Exhibit A.

2.　Defendant was served with the Complaint and Summons on May 23, 2016 and has timely filed this removal within thirty days in accordance with 28 U.S.C. § 1446(b)(3) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

3. In addition to the Summons and Complaint, Plaintiff served the Superior Court Initial Order and Addendum and Superior Court Civil Information Sheet. True and correct copies of these documents are included in Exhibit A.

4. The Complaint asserts that Plaintiff Greg Islar was terminated from his job at Whole Foods in May 2013. Compl. ¶ 6. Count I alleges that Plaintiff was disciplined and terminated because of his race in violation of 42 U.S.C. § 1981. Count II claims that Whole Foods terminated Plaintiff's employment in violation of the implied contractual terms of its handbook. Count III purports to assert a claim against Whole Foods for negligent retention and supervision of Store Team Leader Jean-Michel Bartolo.

5. Plaintiff seeks monetary damages including but not limited to back pay and front pay, compensatory and punitive damages, and reasonable attorneys' fees.

6. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff has asserted a claim under 42 U.S.C. § 1981. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

7. This Court also has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) (diversity of citizenship) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

8. Plaintiff Gregory Islar is a citizen of the State of Maryland, residing at 9015 Chebal Lane, Upper Marlboro, Maryland 20772. *See* Exhibit A (case caption).

9. Whole Foods is a corporation organized under the law of the State of Delaware with its headquarters and principal place of business in Austin, Texas. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-94 (2010) (holding that, in relation to diversity jurisdiction, a

corporation's "principal place of business" is its "nerve center," defined as "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [a]nd in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination," and noting that a corporation has only one "nerve center" under 28 U.S.C. § 1332). Accordingly, for purposes of federal diversity jurisdiction, Defendant Whole Foods is a citizen of the states of Delaware and Texas.

10. Federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

11. This Court has original diversity jurisdiction under 28 U.S.C. § 1332 because of the complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Therefore, this case is properly removable under 28 U.S.C. § 1441(a).

12. In summary, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1332 (diversity jurisdiction). Removal is therefore proper.

13. Concurrent with the filing and service of this Notice of Removal, Defendant has served a Notice of Filing of Removal on Plaintiff, and has filed such Notice with the Clerk of Court for the Superior Court for the District of Columbia. *See* Notice of Filing of Notice of Removal attached hereto as Exhibit B.

WHEREFORE, Defendant files this Notice of Removal so that the entire court action under Civil Action Number 2016 CA 003230 B now pending in the Superior Court for the District of Columbia, is removed to this Court for all further proceedings.

Respectfully submitted,

*/s/ Christopher E. Humber*
Christopher E. Humber
(DC Bar No. 462447)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, D.C. 20006
Tel: (202) 887-0855
Fax: (202) 887-0866
christopher.humber@ogletreedeakins.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2016, I caused a true and correct copy of the foregoing to be filed via the Court's ECF filing system and served by U.S. Mail, first class, on the following:

>David A. Branch
>Louise E. Ryder
>Law Offices of David A. Branch & Associates, PLLC
>1828 L Street, N.W., Suite 820
>Washington, D.C. 20036

                                                    /s/ Christopher E. Humber

25110681.2